IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV100-V-02
(5:04CR28-V)

| | |
|---|---|
| **RICHARD LEN TAYLOR, JR.,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the petitioner's Motion to Vacate under 28 U.S.C. §2255, filed August 14, 2006. After having carefully reviewed the petitioner's Motion along with the record of his criminal case, and the relevant legal precedent, the Court concludes--out of an abundance of caution--that the petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him to timely pursue a direct appeal of his underlying criminal case.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the record, on December 14, 2004, the petitioner was named in a Third Superceding Bill of Indictment, which charged him (along with six other persons) with numerous violations of federal law, including, conspiracy to possess with intent to distribute at least 1.5 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); and it charged that he had aided and abetted his co-conspirators and

others in the use and carrying of a firearm during and in relation to a drug trafficking crime and, in furtherance of that crime, they actually possessed such firearm, all in violation of 18 U.S.C. §§924(c) and 2 (Count Five).

Previously, on July 1, 2004, the government had filed a document captioned as "Notice Of Intention To Seek Enhanced Penalties [Pursuant To] Title 21 U.S.C. §851." According to that document, if the petitioner sustained a conviction for either of the federal drug offenses which he then was facing, he could be subjected to certain enhanced statutory penalties by virtue of two prior drug convictions which he already had received in the North Carolina courts.

On March 9, 2005, the petitioner signed and filed a "Revised Plea Agreement," pursuant to which he agreed to plead guilty to Counts One and Five as set forth in the Third Superceding Indictment. In exchange for the petitioner's guilty pleas and his other concessions, the government agreed, <u>inter alia</u>, to file an amended §851 Notice, specifying its intention to rely upon only one of the petitioner's prior drug convictions for sentencing enhancement purposes; and it agreed to dismiss Count Four as charged in the original and Superceding Indictments.

Consequently, on March 14, 2005, the petitioner appeared before the Court and tendered his guilty pleas as contemplated by his Plea Agreement. Upon the conclusion of that proceeding, the Court accepted the petitioner's guilty pleas.

Next, on August 9, 2005, the Court held a Factual Basis & Sentencing Hearing in this matter. On that occasion, the Court reviewed the record, the Pre-Sentence Report and other pertinent matters. Thereafter, the Court sentenced the petitioner to a total term of 322 months imprisonment, that is, he received 262-month term on the drug conspiracy conviction and he received a consecutive 60-month term on the firearm conviction. The Court's Judgment was filed on August 29, 2005.

There is no record that an appeal ever was filed in this case. Rather, on August 14, 2006, the petitioner filed the instant Motion to Vacate, alleging several instances of ineffective assistance of counsel. Pertinent to the instant Order, the petitioner's Motion alleges that trial counsel failed to honor his timely request that counsel file a notice of appeal for him.

## II.  ANALYSIS

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel--irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

In the instant case, the petitioner has alleged--by way of this Motion and his own Affidavit--that "within an hour of [his]

sentencing, [he] told [his] attorney . . . to appeal [his] sentence . . . "; and that counsel stated that he would file the appeal.  However, the record reflects that no such appeal ever was filed by counsel.  The petitioner further asserts that he did not learn of counsel's failure to file the appeal until recently.  Thus, even if the government were to file an answer or other response which attaches an affidavit in which counsel simply denies such representations, the Court still would be compelled to give the petitioner the benefit of the doubt on this matter.

Accordingly, in light of Evitts and Peak, the Court concludes that the petitioner's Motion to Vacate should be granted.  That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken.  Thus, the Court will vacate its Judgment so that the petitioner may appeal his convictions and/or sentence.

### III.  NOTICE OF APPELLATE RIGHTS

Mr. Taylor, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals.  If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later.  The Clerk will assist you in preparing your Notice of

Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

### IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing the petitioner to timely appeal his case;

2. That the petitioner's original Judgment is **VACATED** due to counsel's failure to timely file an appeal as requested by the petitioner;

3. That the Clerk is directed to prepare a new Judgment with the same sentences and conditions as indicated on the original Judgment form;

4. That the petitioner may appeal from his new Judgment as has been explained in this Order;

5. That if counsel for the government is aware that former defense counsel has in his possession a document which affirma-

tively establishes that the petitioner advised counsel that he did <u>not</u> want to appeal, counsel for the government may present such evidence to the Court by way of an appropriate request for reconsideration; and

6. That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

Signed: August 16, 2006

*[signature]*

Richard L. Voorhees
United States District Judge